IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DE'MONTREY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2809-B-BN |
| | § | |
| AFFIRMATIVE INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for screening

pursuant to 28 U.S.C. § 636(b). The undersigned magistrate judge issues the following

findings of fact, conclusions of law, and recommendation.

**Background**

On August 5, 2014, Plaintiff De'montrey Johnson, proceeding *pro se*, filed a

complaint [Dkt. 3] and motion for leave to proceed *in forma pauperis* [Dkt. No. 5]. On

August 22, 2014, the Court sent written interrogatories to Plaintiff to ascertain

whether the Court has subject matter jurisdiction over his lawsuit – against a single

defendant, Affirmative Insurance Co. – and determine whether he qualifies to proceed

*in forma pauperis* as well as obtain additional information about the factual basis of

this suit. *See* Dkt. No. 6. Plaintiff answered the interrogatories on September 12, 2014.

*See* Dkt. No. 7.

Those answers neither established that this Court has subject matter

jurisdiction nor provided the Court with sufficient information to determine whether Plaintiff qualifies to proceed *in forma pauperis*. As such, on September 24, 2014, Plaintiff was ordered to file a written response to the Court's order no later than October 16, 2014 to show (1) the Court it has subject matter jurisdiction over his lawsuit and (2) why his grandparents are unable to assist him in paying the costs of these proceedings. *See* Dkt. No. 8. In that order, Plaintiff was cautioned that the failure to comply would result in a recommendation that his complaint be dismissed for either lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3), and/or failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

To date, Plaintiff has failed to respond to the Court's order or otherwise communicate with the Court.

The undersigned now concludes that the complaint should be dismissed without prejudice.

## Legal Standards

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Plaintiff chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, his lawsuit should be dismissed. *See, e.g.*, Smith-Lindley *v. Tex., Dep't of Family & Protective Servs.*, Civil No. 3:12–CV–4819–K, 2013 WL 4766850, at *1 (N.D. Tex. Sept. 5, 2013) ("A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction." (citing FED. R. CIV. P. 12(b)(1))); FED. R. CIV. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

To establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Moreover, "whether the litigant is 'unable to pay' the costs [associated with

initiating a lawsuit] ... depend[s] in part on [the] litigant's actual ability to get funds

from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*,

455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d

534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*,

a court may consider the resources that the applicant has <u>or can get from those who</u>

<u>ordinarily provide the applicant with the necessities of life</u>, such as from a spouse,

parent, adult sibling or other next friend." (citations and internal quotation marks

omitted and emphasis added)).[1]

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua*

*sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756

F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the

federal rules or any court order. This authority "flows from the court's inherent power

to control its docket and prevent undue delays in the disposition of pending cases." *Id.*

(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F.

---

[1] *See also Pisano v. Astrue*, Civil Action No. 11–30269–KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, <u>if not other close family members as well</u>, are relevant to the determination of indigency under 28 U.S.C. § 1915." (emphasis added)) (collecting cases); *Ginters v. Frazier*, Civ. No. 07-4681 (JMR/RLE), 2008 WL 314701, at *2 n.1 (D. Minn. Feb. 4, 2008) ("Federal Courts have frequently recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, <u>or from any other individual</u>." (emphasis added)); *Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider the income or resources of <u>interested persons, such as spouses and parents</u>." (citation omitted and emphasis added)).

App'x 383, 383-84 (5th Cir. Nov. 17, 2011) (per curiam) (42 U.S.C. § 1983 action) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

**Analysis**

Subject-matter jurisdiction

Plaintiff has failed to show that this Court has subject-matter jurisdiction. As is the responsibility of any party seeking to proceed in federal court, Plaintiff must "affirmatively and distantly" allege jurisdiction. *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." (citing *Illinois Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983))). Instead, in response to the interrogatories, Plaintiff asserts that "[t]his case presents ... some other basis for jurisdiction" and cites a decision of the Texas Supreme Court, *Texas Farmers Insurance Co. v. Soriano*, 881 S.W.2d 312 (Tex. 1994), concerning Texas insurance law, not federal court jurisdiction. *See* Dkt. No. 7 at 3. Plaintiff also fails to state either the citizenship of any party or an amount in controversy.

At most, Plaintiff has shown only that he resides in Corsicana, Texas and that Defendant has an address in Addison, Texas. The causes of action Plaintiff appears to assert, moreover, concern how his insurance claim was settled, presumably in compliance with Texas law, as evidenced by Plaintiff's citation to a Texas Supreme

Court decision. *See also* Dkt. No. 7 at 4-7 (referencing having "to wait [presumably for payment] for reasons not of my best interest" and "unfair claim settlement practice"). Thus, it does not appear that "federal law creates" Plaintiff's cause(s) of action or that his "right to relief necessarily depends on resolution of a substantial question of federal law." *Borden*, 589 F.3d at 172.

Failure to prosecute and obey orders of the Court

By not responding to the Court's order to show cause, not only has Plaintiff failed to show he is entitled to proceed *in forma pauperis*, he has prevented this action from proceeding and, thus, has failed to prosecute his lawsuit and obey the Court's orders.

The Court's interrogatories required that Plaintiff provide additional information concerning his request to proceed without prepaying fees or costs [Dkt. No. 5]. *See* Dkt. No. 7 at 1. Through his responses, Plaintiff makes it clear that his grandparents provide him with material financial support. *See id.* ("I cashed the [insurance settlement] check .... I live with my grandparents. They have taken good care of me. I kept [money] and my grand mother paid off the old debts I owe them .... My grandparents are due the money I owed them."). If Plaintiff resides with his grandparents, and if it is obvious that the grandparents provide material financial support to Plaintiff, which appears to be likely based on Plaintiff's responses to the written interrogatories, the ability of his grandparents to help pay the costs of these proceedings should be considered along with Plaintiff's ability to pay those costs himself. *See, e.g., Williams*, 455 F. Supp. at 209; *Fridman*, 195 F. Supp. 2d at 537; *see*

*also Caldwell v. Providence Family Physician (Tillman's Corner) Seton Med. Mgmt.*, No. CA 04-0819-WS-C, 2005 WL 1027287, at \*2 (S.D. Ala. Apr. 29, 2005); *In re Stephenson*, 205 B.R. 52, 59 (Bankr. E.D. Pa. Feb. 10, 1997).

Even if subject matter jurisdiction exists, because Plaintiff has not provided the Court enough information to determine whether his financial condition qualifies him to proceed under Section 1915(a), he has stymied the progress of this lawsuit and, moreover, has failed to comply with an order of the Court. The Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

Plaintiff's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rules of Civil Procedure 12(h)(3) and 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff files a written response showing the Court that there is a basis for subject matter jurisdiction, the Court should refer the case back to the undersigned for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 12, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE